UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIRACUSA MOVING & STORAGE CO., INC., : | |
| : | |
| PLAINTIFF : | CASE NUMBER: |
| : | |
| v. : | |
| : | |
| MARY E. PETERS, SECRETARY OF THE : UNITED STATES DEPARTMENT OF : TRANSPORTATION, JOHN J. HILL, : ADMINISTRATOR OF THE FEDERAL : MOTOR CARRIER SAFETY : ADMINISTRATION, ANNE D. GNAZZO, : COMMISSIONER OF THE STATE OF : CONNECTICUT DEPARTMENT : OF ADMINISTRATIVE SERVICES, : | |
| : | |
| and : | |
| : | |
| ROBERT M. WARD, COMMISSIONER OF : THE STATE OF CONNECTICUT : DEPARTMENT OF MOTOR : VEHICLES, : | |
| : | |
| DEFENDANTS : | OCTOBER 2, 2007 |

### VERIFIED COMPLAINT

#### Parties

1. The Plaintiff, Siracusa Moving & Storage Co., Inc. ("Siracusa"), is a Connecticut corporation with a principal place of business at 250 Commerce Circle, New Britain, Connecticut.

2. The Defendant, Mary E. Peters, Secretary of the United States Department of Transportation ("DOT") is the secretary of an executive department of the United States

Government at the seat of Government. DOT has an office at 1200 New Jersey Avenue, SE, Washington, D.C., and a local office at 628 Hebron Avenue, Glastonbury, Connecticut.

3. The defendant, John J. Hill, administrator of the Federal Motor Carrier Safety Administration ("FMCSA") is the administrator of an administration of the Department of Transportation. FMCSA has an office at 1200 New Jersey Avenue, SE, Washington, D.C., and a local office at 628 Hebron Avenue, Glastonbury, Connecticut.

4. The Defendant, Anne D. Gnazzo, Commissioner of the State of Connecticut Department of Administrative Services ("DAS") is the commissioner of an agency of the executive branch of government of the State of Connecticut. DAS has an office 165 Capitol Avenue, Hartford, Connecticut.

5. The Defendant, Robert M. Ward, Commissioner of the State of Connecticut Department of Motor Vehicles ("DMV") is the commissioner of an agency of the executive branch of government of the State of Connecticut. DMV has an office at 69 State Street, Wethersfield, Connecticut.

## Jurisdiction and Venue

6. This Court has jurisdiction over DOT and FMCSA pursuant to 28 U.S.C. Section 1361 and 5 U.S.C. Section 703.

7. Venue is proper in this Court as to DOT and FMCSA pursuant to 28 U.S.C. Section 1391(e) and 5 U.S.C. Section 703.

8. This Court has jurisdiction over DAS and DMV pursuant to 28 U.S.C. Section 1367.

9. Venue is proper in this Court as to DAS and DMV pursuant to 28 U.S.C. Section 1391(b).

## Facts

10. Siracusa is in the moving and storage business.

11. On or about February 28, 2007, DAS released an invitation to bid number 07PSX0049 (the "Bid").

12. The Bid was for moving services and temporary storage services.

13. On or about May 1, 2007, Siracusa submitted a proposal in response to the Bid.

14. On or about June 5, 2007, DAS rejected Siracusa's proposal and further gave Siracusa notice that it "**will not** be considered for future state contracts until such time that the CT DMV verifies compliance with all safety requirements."

15. DAS stated the reason for its rejection as "[t]he Connecticut Department of Motor Vehicles (CT – DMV) has conducted a review of your company's standing as it relates to safety violations and the results of said review proved unfavorable" ("DMV Finding").

16. On or about June 15, 2007, DAS awarded the subject contract to multiple bidders.

17. The successful bidders were:

    A. Admiral Moving & Storage, Inc., 420 Ellington Road, South Windsor, Connecticut;

    B. Amodio Moving, Inc., 1 Hartford Square, New Britain, Connecticut;

    C. BKM Enterprises Inc. dba bkm Total Office, 300 East River Drive, East Hartford, Connecticut;

    D. Commercial Moving Services, LLC, 800 Marshall Phelps Road, Building #3, Windsor, Connecticut;

    E. Nationwide Moving & Storage Co., Inc., 100 Peters Road, Bloomfield, Connecticut;

  F. Transfer Enterprises, Inc., 140 Progress Drive, Manchester, Connecticut; and

  G. William B. Meyer, Inc., 255 Long Beach Boulevard, Stratford, Connecticut.

18. But for the DMV Finding, Siracusa would have been one of the successful bidders.

19. Congress has mandated that DOT shall establish a procedure for determining the safety fitness rating of owners and operators of commercial motor vehicles and that that procedure shall include a methodology to determine whether an owner or operator is fit.

20. Congress delegated this duty to FMCSA.

21. Part of the methodology of DOT and/or FMCSA is the compilation of information about commercial motor vehicles and the operators thereof.

22. That information is made available to the public, among other ways, by way of the internet.

23. DMV utilized information compiled by and published by DOT and/or FMCSA to make the DMV Finding.

24. In or about May, 2007, DOT and/or FMCSA conducted a routine review and evaluation of Siracusa's safety fitness.

25. Said review and evaluation was performed at Siracusa's principal place of business in New Britain, Connecticut.

26. The review and evaluation took into account information for the preceding 30 months.

27. The review and evaluation was completed on or about May 22, 2007.

28. The result of the review and evaluation was that Siracusa was given a safety fitness rating of "satisfactory," which is the highest rating available.

29. No corrective action was taken by Siracusa to achieve the satisfactory rating.

30. DOT and/or FMCSA informed Siracusa of its satisfactory safety fitness rating by letter dated May 31, 2007 ("Rating Letter"), a copy of which is appended hereto as **Exhibit A**.

31. The issuance of the Rating Letter was a final agency action.

32. Siracusa's safety fitness rating with DOT and/or FMCSA has always been "satisfactory."

33. Safety fitness ratings are determined, in part, based upon records of inspections by law enforcement authorities during which safety deficiencies for trucks and/or drivers are noted.

34. During its May, 2007, review and evaluation, DOT and/or FMCSA determined that deficiencies found during six such inspections had been attributed to Siracusa, although they should have been attributed to another company. **Exhibit B** hereto shows by asterisks the inspections which were incorrectly attributed to Siracusa.

35. All six said inspections occurred prior to May, 2007.

36. Siracusa was entitled to have the information upon which its safety fitness rating would be based kept accurately, correctly and in a manner which would reflect its true safety fitness record.

37. The only reason the DMV Finding could have been found "unfavorable" was the improper attribution of said deficiencies to Siracusa.

38. Siracusa has had contracts with the State of Connecticut in the past, as it does now.

39. Siracusa has communicated the above to DAS and DMV, including sending them a copy of the Rating Letter.

40. Siracusa has never before had a proposal rejected based on an unfavorable safety fitness rating.

41. DAS has refused to reverse its rejection of Siracusa's proposal.

42. DAS maintains that Siracusa's safety fitness rating as of May 1, 2007, is the relevant safety fitness rating.

43. DAS refuses to accept the Rating Letter as evidence of Siracusa's satisfactory safety fitness because the Rating Letter does not specifically refer to May 1, 2007.

44. Additionally, DAS refuses to accept the Rating Letter as evidence of Siracusa's satisfactory safety fitness as of May 1, 2007, because the letter does not specifically state that "no corrective action" was taken by Siracusa to achieve the satisfactory fitness rating.

45. DMV maintains that its review of the safety records as of May 1, 2007, is its only function in the process and refuses to reconsider its finding or to look into the matter further.

46. DOT and/or FMCSA has refused to put in writing that Siracusa's safety fitness rating was satisfactory as of May 1, 2007, and that no corrective action was taken by Siracusa to achieve that rating.

47. The contract start date is November 1, 2007.

**First Count**   **(Mandamus as to DOT and/or FMCSA)**

1 – 47. The plaintiff hereby incorporates by reference paragraphs 1 through 47, above, as paragraphs 1 through 47 of this First Count, as if fully restated and realleged herein.

48.     Siracusa has been harmed and aggrieved by the refusal of DOT and/or FMCSA to issue a written safety fitness rating stating that Siracusa's rating was satisfactory on May 1, 2007, and that no corrective action was taken to achieve that rating.

49.     The court should command DOT and/or FMCSA as prayed for below.

**Second Count**  **(Injunctive relief as to DOT and/or FMCSA)**

1 – 49. The plaintiff hereby incorporates by reference paragraphs 1 through 49 of the First Count, above, as paragraphs 1 through 49 of this Second Count, as if fully restated and realleged herein.

50.     The harm to Siracusa is irreparable.

51.     The court should enjoin DOT and/or FMCSA as prayed for below.

**Third Count**  **(Injunctive relief as to DAS)**

1 – 51. The plaintiff hereby incorporates by reference paragraphs 1 through 51 of the Second Count, above, as paragraphs 1 through 51 of this Third Count, as if fully restated and realleged herein.

52.     The court should enjoin DAS as prayed for below.

**Fourth Count**  **(Injunctive relief as to DMV)**

1 – 52.     The plaintiff hereby incorporates by reference paragraphs 1 through 52 of the Third Count, above, as paragraphs 1 through 52 of this Fourth Count, as if fully restated and realleged herein.

53.     The court should enjoin DMV as prayed for below.

**Fifth Count**  **(Declaratory relief as to all Defendants)**

1 - 50. The plaintiff hereby incorporates by reference paragraphs 1 through 50 of the Second Count, above, as paragraphs 1 through 50 of this Fifth Count.

51. The court should declare as prayed for below.

## VERIFICATION

I declare under penalty of perjury that the foregoing factual allegations are true and correct. As to the legal allegations, I rely upon counsel.

Executed on: 10/2/07

Daniel Siracusa

**WHEREFORE**, the plaintiff respectfully prays the court to grant the following relief:

1. To command DOT and/or FMCSA to issue a writing which states that Siracusa had a satisfactory safety fitness rating as of May 1, 2007, and that no corrective action was taken by Siracusa to achieve that rating.

2. To preliminarily enjoin DAS from starting and/or ordering services under and/or in any way utilizing a certain contract which is the subject of invitation to bid number 07PSX0049, until the above-captioned matter is finally determined, including any appeal(s), or until further order by the Court.

3. To enjoin DAS to reverse its rejection of Siracusa's proposal, to consider said proposal as it would have if said proposal had never been rejected, to add Siracusa to the list of successful bidders, and to treat Siracusa the same as all other successful bidders.

4. To enjoin DMV to refrain from refusing to accept a writing from DOT and/or FMCSA as conclusive evidence that Siracusa had a satisfactory safety fitness rating as of May 1, 2007, and to further enjoin DMV to communicate to DAS that Siracusa's safety fitness rating or record was favorable as of May 1, 2007.

5. To declare as follows:

    A. That as of May 1, 2007, Siracusa's safety fitness rating was satisfactory.

    B. That Siracusa took no corrective action to achieve its May 1, 2007, safety fitness rating.

    C. That based on Siracusa's true safety record, there was no reason for DMV to find that record "unfavorable."

    D. That based on Siracusa's true safety record, there was no reason for DAS to reject Siracusa's proposal regarding bid number 07PSX0049.

E. That Siracusa's proposal should be considered when awarding the subject contract just the same as it would have been considered if it had never been rejected.

F. That Siracusa should be added to the list of successful bidders and treated the same as all other successful bidders.

G. That Siracusa may bid on any and all future contracts without any further review by DMV.

6. Such further and other relief as the court may deem just and equitable.

PLAINTIFF,
SIRACUSA MOVING & STORAGE CO., INC.

By: _____
Rodger C. Boe
ct05449
BYRNE & STORM, P.C.
750 Main Street, Suite 1500
Hartford, CT  06103
Ph.  (860) 525-3700
Fax (860) 525-0287
Email:rboe@byrnestorm.com and
kwood@byrnestorm.com
Their Attorneys
